UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**ORIGINAL**

CIVIL MINUTES - GENERAL
THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

✓ PRIORITY SEND
✓ ENTER
✓ CLOSED

Case No.  CV 02-9506 DSF (VBKx)      Date  March 6, 2006

Title  *Hollynn D'Lil v. Best Western Encina Lodge & Suites, et al.*

Present: The Honorable    DALE S. FISCHER, UNITED STATES DISTRICT JUDGE

| Paul Pierson | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present      Not Present

**Proceedings:**    (IN CHAMBERS)    Order Denying Plaintiff's Motion for New Trial; Motion Renewing Her Pending Motion for Attorney Fees; Motion Seeking Corrections and Order Granting Defendants' Request for Attorneys' Fees



## I. INTRODUCTION

In yet another series of document containing unsupported attacks, irrelevant citations and "evidence," and mischaracterizations, Plaintiff claims she is entitled to a new trial. With a single exception[1], Plaintiff's motion is completely without merit and is DENIED.

Plaintiff's Corrected Notice of Motion and Motion for New Trial; Motion Renewing Her Pending Motion for Attorney Fees; and Motion Seeking Corrections; and Declaration of Timothy S. Thimesch were filed on February 1, 2006. Defendants' Memorandum of Points and Authorities in Opposition [sic] Plaintiff Hollynn D'Lil's Motion for New Trial, Motion Renewing Her Pending Motion for Attorney Fees and Motion for Corrections; Request for Monetary Sanctions Against Plaintiff and In Favor of Defendants as a Result of This Frivolous and Bad Faith Motion of Plaintiff; and Declaration of James S. Link, were filed on February 13, 2006. Plaintiff's Reply Brief re Motion for New Trial and Renewed Motion for Attorney Fees, Litigation Expenses and Costs was filed on February 27, 2006. Another copy of the same document -- with exhibits -- apparently was filed on February 28, 2006. Defendants' Objections to Declarations of Hollynn D'Lil and Timothy Thimesch and Exhibit 4 Filed in Support of

---

[1]. Plaintiff correctly notes that she sued two, rather than four, establishments in Santa Barbara. By this order, the Court corrects the error.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**PRIORITY SEND**

Plaintiff's Reply Brief re Motion for New Trial were filed February 28, 2006.[2] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## II. LEGAL STANDARD

A new trial may be granted to all or any of the parties and on all or part of the issues "in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." Fed. R. Civ. P. 59(a)(2). "There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." Brown v. Wright, 588 F.2d 708, 710 (9th Cir. 1978). If a party requests a new trial on the basis of newly discovered evidence, the party must show that: "(1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case." Defenders of Wildlife v. Bernal, 204 F.3d 920, 929 (9th Cir. 1999). "A trial court should not grant a new trial merely because the losing party can probably present a better case on another trial." Ball v. Interoceanica Corp., 71 F.3d 73, 76 (2d Cir. 1995).

Pursuant to Federal Rule 59(e), a party may also make a motion to alter or amend a judgment. "A Rule 59(e) motion is appropriate 'if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" Circuit City Stores, Inc. v. Mantor, 417 F.3d 1060, 1064 (9th Cir. 2005) (citation omitted). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." McDowell v. Calderon, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999); see also 389 Orange St. Partners v. Ciarcia, 179 F.3d 656, 665 (9th Cir. 1999) ("Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances . . . ."). The standard is restrictive to preserve dwindling resources and promote judicial efficiency. See eg., United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001) (citation and internal quotation marks omitted).

"Rule 59(e) is inapplicable to attorney's fees which raise legal issues collateral to the merits of the underlying case." Drucker v. O'Brien's Moving & Storage, Inc., 963 F.2d 1171, 1174 (9th Cir. 1992). The time for filing a request for attorneys' fees is governed by Federal Rule 54(d) or the relevant Local Rules. See, e.g., L.R. 54-12 ("Any

---

[2] These declarations and documents, like most of the Reply, are irrelevant to this Motion and will not be considered by the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**PRIORITY SEND**

motion or application for attorneys' fees shall be served and filed within fourteen (14) days after the entry of judgement or other final order . . . ."). When a request for attorneys' fees was considered in a court's order, a later request to alter or amend this grant or denial of fees will be construed as a Rule 59(e) motion. See Hastert v. Illinois State Bd. of Election Comm'rs, 28 F.3d 1430, 1439 (7th Cir. 1993).

### III. FACTUAL BACKGROUND

On December 13, 2002, Plaintiff Hollynn D'Lil sued the owners and operators (collectively, "Defendants") of the Best Western Encina Lodge & Suites ("Best Western Hotel"). She alleged that Defendants maintained multiple and severe barriers throughout the Best Western Hotel, making it inaccessible and unusable by physically disabled persons who use wheelchairs. (Compl. ¶ 2.) Plaintiff also alleged that Defendants failed to provide the required number of accessible guestrooms, as required by California law and the Americans with Disabilities Act of 1990. (Id. at ¶ 3.) Plaintiff brought nine causes of action and sought both injunctive relief, damages, and attorneys' fees and costs.

On December 13, 2004, the Court denied Defendants' motion for partial summary judgment, reserving judgment on the issue of Plaintiff's standing to sue. On January 11, 2005, the Court signed the Consent Decree and Order submitted by the parties. Paragraph 19 of the Consent Decree provides that "the parties hereto authorize the dismissal of the entire action without prejudice." However, the parties reserved the issue of attorneys' fees and set forth a schedule for the filing of a motion for award of fees, expenses, and costs.[3]

On March 10, 2005, Plaintiff filed her motion. On April 26, 2005, the Court issued its Order re Standing, which stated in its entirety:

> In its December 13, 2004 Order Denying Defendants' Motion for Partial Summary Judgment, this Court did not resolve the issue of Plaintiff's standing to bring this action. The Court noted that disputed facts existed regarding Plaintiff's plans to return to Defendants' hotel, and consequently

---

[3] Generally, a motion for attorneys' fees is to be served and filed within fourteen days after entry of the judgment. L.R. 54-12. However, this time requirement may be altered if otherwise ordered by the Court. Id. The parties' Consent Decree, signed by the Court, provides that: "the deadline for filing the motion shall be eight weeks (8) after entry of this order . . . ." (Consent Decree ¶ 12.) The Order was entered on January 12, 2005. Plaintiff filed her motion on March 10, 2005. Because the eight-week deadline expired on March 9, 2005, it appears Plaintiff's motion was late. This would be sufficient reason alone to deny Plaintiff's request for fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**PRIORITY SEND**

concluded that a triable issue existed as to whether Plaintiff has standing.

Since then, the parties entered into a Consent Decree, which this Court signed on January 11, 2005. Plaintiff has moved for attorney fees, litigation expenses, and costs (the "Motion").

This Court is concerned that the issue of standing was never resolved. It is of no consequence that the parties filed a consent decree, or that Defendants did not raise the issue of standing in their opposition to the Motion. As stated by the Supreme Court:

> The question of standing is not subject to waiver, however: We are required to address the issue even if the courts below have not passed on it, and even if the parties fail to raise the issue before us. The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines.

*United States v. Hays*, 515 U.S. 737, 742 (1995) (alteration in original) (internal quotation and citation omitted).

Issues of fact regarding Plaintiff's standing existed as of December 13, 2004. The Court cannot overlook those issues simply because a consent decree has been signed.

The parties are ORDERED to confer, and to set a date for a hearing to occur no sooner than June 1 to address the issue of standing, either with live testimony or on stipulated facts. The parties should contact the Courtroom Deputy Clerk to schedule a date on or before May 13, 2005.

On September 22, 2005, the Court held an evidentiary hearing regarding the issue of Plaintiff's standing. The parties submitted post-evidentiary hearing briefs. On January 12, 2006, the Court entered an Order denying Plaintiff's request for attorneys' fees based on its finding that Plaintiff failed to meet her burden of establishing standing, as required by Article III of the United States Constitution ("January 12 Order"). Plaintiff now requests that the Court grant a new trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**PRIORITY SEND**

## IV. ANALYSIS

### A. Motion for New Trial or to Alter or Amend Judgment

Plaintiff fails to address any of the three bases for bringing a motion for a new trial under Rule 59(a). Local Rule 59-1 clearly requires that any party seeking a new trial must specifically state the basis for the motion. The same deficiency appears in Plaintiff's request for an altered or amended judgment under Rule 59(e). However, given the extensive history of this case, the Court does not wish to further postpone closure of the proceedings. The Court examines Plaintiff's arguments despite her failure to clearly identify the grounds on which she seeks relief.

### 1. "INTRODUCTION" and Requests for Corrections

Plaintiff begins a somewhat rambling "introduction" by again impugning defendants or their counsel: "After fighting off repeated vicious and scurrilous attacks against her character and that of her counsel . . . ."[4] The Court's statement in the January 12 Order that Plaintiff "impugn[ed] the motives of counsel" was not an "inadvertent censure," as Plaintiff suggests. (Motion 2:8) It was a considered statement and warning to Plaintiff's counsel (having reviewed other pleadings with other unsupported accusations) not to make unsupported allegations -- a warning he obviously did not heed.

In the "**Note**" that precedes the "Introduction," Plaintiff contends her irrelevant citations resulted from a misunderstanding of the Court's evidentiary inquiry. This "explanation" is hardly adequate to address the multitude of irrelevancies contained in her papers. In any event, in the instant Motion numerous citations also stray far from the mark.

In her "Introduction," as in her post-hearing brief, Plaintiff makes public policy arguments better left to the legislature. The experience of this and other Courts belies Plaintiff's suggestion that the Court's January 12 Order will have "a chilling effect on civil rights enforcement and the ability of ADA litigants to obtain counsel." (Motion 1:18-20).

Also in her "Introduction" Plaintiff contends that a new trial is appropriate because she "feels inadvertently misled about the Court's focus and concern. At no time was she advised that the issue was solely jurisdiction to hear the attorney fee motion." (Motion

---

[4] Plaintiff does not name defendants or their counsel as the perpetrators of such attacks, but it is hard to imagine to whom else she might refer. In any event, the allegation is unsupported and irrelevant to this motion, and further evidence of Plaintiff's continued reluctance to address the issues rather than emotions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**PRIORITY SEND**

1:21-23.) Aside from the fact that "inadvertently" being "misled" would not be grounds for a new trial, Plaintiff has simply mischaracterized the issue. As is and always has been abundantly clear, this Court has always questioned whether it has subject matter jurisdiction over this case. The Court has never indicated otherwise. Moreover, Plaintiff has not explained how this misunderstanding impacted her presentation at the evidentiary hearing.

Finally, Plaintiff asks the Court to correct the "implication" that Plaintiff is a "serial" Plaintiff. Although the Court considered using this term in its January 12 Order, it refrained from doing so, not because it found the term inappropriate, but because the term is so obviously anathema to Plaintiff and her counsel, and there was no reason to offend them. As noted, the Court here corrects the reference to four lawsuits. Doing so, however, has no impact on the Court's conclusion that Plaintiff lacks standing -- or on the fact that 62 lawsuits certainly constitutes a "series."[5] In fact, the Court was making the point that Plaintiff's lawsuits might have given her a reason to return to Santa Barbara (she testified to a mediation there) for mediations, court hearings, etc. Having two lawsuits rather than four detracts from Plaintiff's case rather than improving it.

### 2. Plaintiff's Alleged Misunderstanding

Plaintiff argues that, in its January 12 Order, the Court raised an entirely new issue that neither party had the opportunity to address: "'subject matter jurisdiction' strictly to hear the motion for attorney fees." (Motion 2:19-21.) Plaintiff claims that it must have an opportunity to be heard on this issue.

Plaintiff's argument is absurd and untimely. Plaintiff was advised by the Court on numerous occasions that the issue of standing remained unresolved. In the December 13, 2004 Order denying summary judgment, the Court found: "There is a triable issue as to whether Plaintiff has standing." In its April 26, 2005 Order, after the Consent Decree was signed, the Court stated: "Plaintiff has moved for attorney fees, litigation expenses, and costs ('the Motion'). ¶ The Court is concerned that the issue of standing was never resolved. It is of no consequence that the parties filed a consent decree, or that Defendants did not raise the issue of standing in their opposition to the Motion. . . . The Court cannot overlook those issues simply because a consent decree has been signed . . . . The parties are ORDERED to confer, and to set a date for a hearing . . . to address the issue of standing[.]" The focus of the Court's inquiry during the evidentiary hearing could not have been more clear. Although the parties entered into a Consent Decree, they expressly left open the issue of attorneys' fees. (Consent Decree, ¶¶ 11, 12.) The Court's

---

[5] The Oxford University Press Dictionary defines "serial" as: (1)"consisting of, forming part of, or taking place in a series"; (2) ". . . following a characteristic behavior pattern."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**PRIORITY SEND**

requirement that standing be established for the purpose of hearing and deciding the issue of attorneys' fees was unambiguous.

Plaintiff also suggests that the Court's standing inquiry was misleading because, after the Consent Decree was signed, Plaintiff only needed to establish standing for the limited purpose of hearing a motion for attorneys' fees. Plaintiff's understanding is mistaken.[6] As the Court stated in its January 12 Order, "Standing must exist at the time the action is filed . . . in this case, as of December 13, 2002." (5:19-20.); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 571 n.4 (1992). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (citations omitted). Here, contrary to what Plaintiff seems to suggest, the focus of the Court's inquiry was not whether the controversy became moot; instead the Court sought to answer the question it continually raised in its Orders -- whether Plaintiff had standing to bring this suit from the outset. See, e.g., Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)").

The case law is clear that if a district court lacks jurisdiction to entertain a claim, then it has no authority to award attorney's fees. Latch v. United States, 842 F.2d 1031, 1033 (9th Cir. 1988). Plaintiff argues that this "would lead to the absurd conclusion" that "upon dismissal of a frivolous or bad faith action under the ADA for lack of jurisdiction . . . the Court would lack jurisdiction to award attorney fees to the defense." (Motion 3:16-18.) Plaintiff ignores the difference between the Court's authority to award attorneys' fees under the ADA and the authority to award attorneys' fees as sanctions.[7]

Despite the Court's repeated warning that "parties cannot stipulate to jurisdiction where none exists," Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003), Plaintiff argues that any inquiry as to standing has been "supplanted by a binding and final Consent Judgment." (Motion 2:24-26.) Plaintiff cites Kieslich v. United States, 258 F.3d 968, 970 (9th Cir. 2001) for the irrelevant proposition that "a party waives any objection to the district court's exercise of its discretion to retain jurisdiction over such supplemental claims when the party fails to raise its objection at the trial level." Kieslich addresses discretionary supplemental jurisdiction, not subject matter jurisdiction. Even in Kieslich the court recognized the difference between supplemental jurisdiction and subject matter jurisdiction by finding that "parties cannot

---

[6] The Court doesn't know, and Plaintiff does not say, how this inquiry would be different from the one the Court made or what she would establish at a "new trial." If the issue was whether the Court had signed the Consent Decree, it would hardly call for an evidentiary hearing.

[7] In any event, even a plaintiff with standing can act in bad faith.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**PRIORITY SEND**

waive objections to subject matter jurisdiction." Id. at 970.

The Supreme Court has held that a court's inherent authority does not stretch so far as to assert automatic jurisdiction over future proceedings regarding a settled case. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381 (1994). In order for a court to retain jurisdiction, the court must either (a) embody the settlement agreement in its dismissal order, or (b) find that plaintiff has satisfied its burden of asserting an independent basis for subject matter jurisdiction. Id. at 381-82. Otherwise, absent reopening the controversy pursuant to Federal Rule 60(b)(6), "enforcement of the settlement agreement is for state courts." Id. at 382.

Even if courts possess inherent authority to assert continuing jurisdiction over the parties' settlement agreement, "[u]nless the court had jurisdiction over the original controversy, it does not have authority to order enforcement of the settlement." Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1298 (5th Cir. 1985). Accordingly, if the Court did not have original jurisdiction, there is no source from which supplemental or retained jurisdiction can originate. Although the Court endorsed the Consent Decree and dismissal of the action, which may confer continuing jurisdiction under Kokkonen, "[b]ecause federal jurisdiction cannot be conferred by an agreement between the parties, the settlement agreement [does] not moot the jurisdiction question." Giannakos, 762 F.2d at 1298.

For all these reasons, the Court finds that Plaintiff was on notice and had the opportunity to be heard regarding Plaintiff's standing to bring this suit. Even if, as Plaintiff suggests, she understood the standing inquiry to encompass only the issue of attorneys' fees, Plaintiff would not be harmed by her error. If the Court did not have standing at the outset, it would not have standing to hear the motion for attorneys' fees; the inquiry is the same. Despite Plaintiff's argument that the Consent Decree was "a binding, final, and non-appealable judgment," Motion 8:2-10, Plaintiff fails to recognize that the Consent Decree left the issue of attorneys' fees open for resolution by the Court. Accordingly, any motion for attorneys' fees was a novel issue, unaddressed by the parties' settlement.[8]

### 3. Allegations of Legal Error

Plaintiff argues that the "[r]easonableness of Plaintiff's [d]esires is not a [b]asis for [t]esting [j]urisdiction." (Motion 13:14-15.) Again Plaintiff mistakes the Court's findings. The Court was questioning Plaintiff's credibility due to the inconsistencies in

---

[8] Because Plaintiff has failed to establish standing, the Court does not consider its arguments that it is the "prevailing party" for purposes of the attorneys' fees motion.

her testimony, January 12 Order 16, not the "reasonableness" of her preferences. See Molski v. Mandarin Touch, 385 F. Supp. 2d 1042, 1046 (C.D. Cal. 2005) ("where a plaintiff lacks 'concrete plans to return,' the Court must satisfy itself that the plaintiff's professed intent to return is sincere and supported by the factual circumstances of the case.")

Because Plaintiff never testified as to her intent to return to Santa Barbara or the Best Western Hotel at the time the action was filed,[9] Plaintiff failed to demonstrate any likelihood that she would return. The Court could have ended the hearing there. Nevertheless, the Court looked to other factors in an attempt to determine whether other evidence might establish whether Plaintiff's plans, if any, were concrete and specific enough to confer standing. The case law is clear that standing is determined at the time an action is commenced; Plaintiff had numerous opportunities to make this showing. The Court will not afford her another opportunity to do so. See 389 Orange St. Partners, 179 F.3d at 665 ("Justice is not served by permitting a litigant to drop the ball in his lawsuit and seek to have it resurrected -- at the expense of the other parties and the tax-paying public . . . ."). Even now, given the Court's January 12 Order, Plaintiff's arguments still rely on her travel activities subsequent to the filing of this case. (Motion 7; Reply 1-2.) Her continued failure to address the only relevant issue is further evidence that she cannot establish standing.

Plaintiff next trots out her well-worn argument that consideration of Plaintiff's past litigation was improper.[10] Plaintiff admits to having filed 62 other cases. At least for those cases filed in federal court, she must have asserted an intent to return to the locations or establishments. If it were established here that Plaintiff never returned to a any of the 62 establishments, it would certainly cause doubt that her professed intentions to return to the Best Western Hotel were sincere. That, of course was not the evidence in this case. Defendants only established that in six lawsuits in Redding, Plaintiff has yet to return. That evidence is not as devastating as it might have been does not suggest that it was inadmissible to begin with. See, e.g., Mandarin Touch Restaurant, 385 F. Supp. 2d

---

[9] Plaintiff's plans after she commenced her civil action are immaterial. "The existence of standing is determined as of the date suit is filed." Brother v. Tiger Partner, LLC, 331 F. Supp. 2d 1368, 1373 (M.D. Fla. 2004).

[10] This Court has repeatedly advised that Plaintiff's other lawsuits "are certainly relevant to her credibility." (E.g., January 12 Order 17; Tr. 28:1-4.) The Court's analysis remains the same; Plaintiff's arguments are unpersuasive. See, e.g., Ill. Cent. Gulf R.R. Co. v. Tabor Grain Co., 488 F. Supp. 110, 122 (N.D. Ill. 1980) ("the matters ICG raises by this motion already have been fully litigated. This rehash of the arguments previously presented affords no basis for a revision of the Court's order.").

at 1046 ("the Court finds that Mr. Molski's litigation history undercuts his credibility and belies an intent to return to the Mandarin Touch"); Brother, 331 F. Supp. 2d at 1374 ("in view of his extensive litigation history, Mr. Brother's professed intent to return to the property is insufficient"). In any event, Plaintiff's proof failed for the other reasons stated in the January 12 Order. The evidence of prior lawsuits had minimal impact.

The cases cited by Plaintiff have no relevance and need not be distinguished here.

Plaintiff also argues that "[t]he [d]ecision [i]mproperly [h]inges Plaintiff's [s]tanding on the [a]vailability of [t]wo [o]ther [h]otels . . . ." (Motion 16:1-3.) The Court can only conclude that Plaintiff deliberately misread -- or failed to read -- the Court's Order. The Court "agree[d] that the existence of one or more hotels that already have accessible rooms does not prevent Plaintiff from establishing standing to sue additional hotels." (January 12 Order 15 n.13.) Additionally, Plaintiff argues that the Court should consider that her new residence is "relatively the same distance from Santa Barbara as her former in Sacramento." (Motion 16:20-17:1.) This is not the "new evidence" Rule 59(a) contemplates. Given the clear language of the Order, this information did not affect the Court's holding. In analyzing the proximity prong of the standing inquiry, the Court found that it was of minimal relevance given that (a) the case involved a hotel, (b) Plaintiff traveled to Santa Barbara before the suit was filed, and (c) distance is significantly less relevant where hotels are at issue. (January 12, 2006 Order 13:1-6.)

Because Plaintiff has submitted no newly discovered evidence, has failed to argue that there was an intervening change of controlling law, and has failed to establish that this Court committed clear error or that its initial decision was manifestly unjust, Plaintiff's motion cannot succeed. See McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) ("reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly"). Despite the Court's repeated warnings, Plaintiff failed to establish that she had standing to bring this lawsuit against Defendants. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 170 (2000) ("Standing doctrine functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake."). In order to rule on a motion for attorneys' fees, the Court was required to have subject matter jurisdiction. This was the unambiguous focus of the September 22, 2005 evidentiary hearing. In the absence of satisfying the requirements of a Rule 59(a) or (e) motion, there can be no remedy for Plaintiff's confusion or failure to address the relevant issues.

Like the previously discussed issues, Plaintiff's other contentions are merely gripes about the Court's ruling -- not new evidence or intervening law. The Court declines to address them here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**PRIORITY SEND**

### B. Attorneys' Fees

Local Rule 11-9 provides: "The presentation to the Court of frivolous motions or opposition to motions (or the failure to comply fully with this rule) subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7." The Ninth Circuit has defined the word frivolous, in the context of a Rule 11 motion, as "a shorthand . . . used to denote a filing that is both baseless and made without a reasonable and competent inquiry." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990). Plaintiff fails to address or offer any arguments regarding the proper basis for a Rule 59 motion. Instead Plaintiff's arguments all stem from her own failure to establish the necessary elements of standing -- despite repeated warnings from the Court. Accordingly, the frivolousness requirement is satisfied.

Pursuant to Local Rule 83-7, a party that fails to conform to any of the Local Rules may be subjected to, in part: "(a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order . . . ."

"A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" Primus Automotive Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997). The Court finds that Plaintiff acted in bad faith by recklessly filing a frivolous Motion for New Trial, which merely restated arguments that have already been determined and analyzed by this Court on several occasions. "Litigants considering a Rule 59(e) motion have been 'strongly cautioned' to carefully consider the three grounds for such a motion. Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Nationwide Mutual Fire Ins. Co. v. Pham, 193 F.R.D. 493, 494 (S.D. Miss. 2000) (internal citations omitted). The Court orders Plaintiff to reimburse Defendants for their reasonable attorneys' fees incurred in opposing this Motion. Plaintiff shall pay to Defendants' counsel forthwith the sum of $1260.00[11], and provide notice to the Court when payment has been made.

### V. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion for New Trial; Motion Renewing Her Pending Motion for Attorney Fees; Motion Seeking Corrections.

---

[11] Because Defendants did not object to the single correction the Court agrees to make, no fees are attributable to that issue and the Court does not deduct anything from the requested amount.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

The Court GRANTS Defendants' request for reasonable attorneys' fees incurred in opposing Plaintiff's Motion.

Initials of Deputy Clerk